1
2
3
4
5
6
7
8
9
10
11
12
13
14

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRIAN MARCUS WILSON,          )
                             )
              Petitioner,     )          2:13-cv-00461-JAD-NJK
                             )
vs.                          )          **ORDER**
                             )
BRIAN E. WILLIAMS, SR., *et al.,*  )
                             )
              Respondents.    )
_____/

15
16
17
18
19
20

        Petitioner Brian Marcus Wilson has submitted a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (ECF # 1-1) and paid the filing fee (Doc. 4).  Petitioner has also filed a motion for the appointment of counsel (Doc. 2).  Having reviewed the petition and the motion for appointment of counsel, the court DENIES the request for appointed counsel and directs Mr. Williams to show cause why his petition is timely filed and not barred by the one-year statue of limitations under the AEDPA.

21

        **1.       Request for Appointed Counsel**

22
23
24
25
26

        There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984).  However, counsel must be appointed if the complexities of the case are

such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims.  *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).

The petition on file in this action appears sufficiently clear in presenting the issues that petitioner wishes to raise.  Counsel is not justified at this time.

### 2.    Order to Show Cause that this Action was Timely Filed

It appears from the petition that it was submitted outside the applicable limitations period and may be subject to dismissal on that basis.  The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions.  28 U.S.C. § 2244(d).  The one-year time limitation can run from the date on which a petitioner's judgment becomes final by conclusion of direct review, or the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).  Of course, a properly filed petition for state postconviction relief can toll the period of limitations.  28 U.S.C. § 2244(d)(2).

According to the habeas petition, petitioner's judgment of conviction was entered on February 9, 2004.  Petitioner did not file a direct appeal.  He filed his first state habeas petition on October 18, 2005 and states that the Nevada Supreme Court affirmed the denial of the petition on July 10, 2006. Remittitur issued August 4, 2006.  Petitioner filed a second state habeas petition on January 7, 2010, and the Nevada Supreme Court affirmed the denial of that petition as untimely on September 10, 2010.  The instant federal habeas petition was handed to a correctional officer for mailing on March 13, 2013.  Thus the federal petition was filed well beyond the one-year time limitation contained in the statute, which would have run from the issuance of remittitur for the first state petition.

Petitioner may be entitled to equitable tolling of the one-year limitations period if he can establish that he diligently pursued his right and some extraordinary circumstance stood in his way.  *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998);

1  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  The petitioner will be given the opportunity to show
2  that either the instant petition was not filed beyond the one-year statute of limitations, or that he is
3  entitled to equitable tolling of the time limitation.

4        **IT IS THEREFORE ORDERED** that petitioner's motion for appointment of counsel (Doc. 2)
5  is **DENIED**.

6        **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the entry of this
7  Order **to show cause and file such proof** he may have to demonstrate that the petition for writ of habeas
8  corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of
9  the time period.

10       **IT IS FURTHER ORDERED** that if petitioner is unable to demonstrate that the petition for writ
11  of habeas corpus was filed within the limitations period, the court will enter an order dismissing the
12  petition.

13       Dated this 15th day of October, 2013.

14

15                                                    _____
16                                    UNITED STATES DISTRICT JUDGE
17

18

19

20

21

22

23

24

25

26

3