UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRIAN MARCUS WILSON,

 *Petitioner*,

vs.

BRIAN E. WILLIAMS, SR., *et al.*,

 *Respondents*.

Case No. 2:13-cv-00461-JAD-NJK

**ORDER**

  This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry into whether the petition is time-barred because it was not filed within the one-year limitation period in 28 U.S.C. § 2244(d)(1). This order follows upon an earlier show cause order and petitioner's response thereto.

### *Background*

  The background procedural history reflected by the papers on file and the online records of the state district court and state supreme court is not in dispute.[1]

  Petitioner Brian Wilson challenges his Nevada state conviction, pursuant to a guilty plea, of eleven counts of robbery with the use of a deadly weapon, six counts of burglary while in possession of a firearm, and six counts of burglary.

---

[1] The Court may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts. *E.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The online docket records of the state district court and state supreme court may be accessed from:

  https://www.clarkcountycourts.us/Anonymous/default.aspx
  http://caseinfo.nvsupremecourt.us/public/caseSearch.do

1  The judgment of conviction was filed on December 9, 2004, and petitioner did not file a direct
2 appeal. The time to file a direct appeal expired on Monday, January 10, 2005.

3  On or about October 18, 2005, after the passage of 279 days, petitioner filed a state post-
4 conviction petition. The state district court and state supreme court denied relief. The remittitur issued
5 in No. 46863 in the Supreme Court of Nevada on August 4, 2006.

6  Over three years later, on or about January 27, 2010, petitioner filed a second state post-
7 conviction petition. The state district court and state supreme court denied relief based upon the
8 untimeliness of the state petition. The remittitur issued in No. 55840 in the Supreme Court of Nevada
9 on October 5, 2010.

10  Over seventeen months later, on or about March 26, 2012, petitioner filed a motion to modify
11 sentence. The state district court and the state supreme court denied relief. The remittitur issued in No.
12 61022 in the Supreme Court of Nevada on January 8, 2013.

13  Approximately two months later, on or about March 13, 2013, petitioner mailed the federal
14 petition in this matter for filing by the Clerk.

15  *Discussion*

16  Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* has raised the
17 question of whether the petition is time-barred for failure to file the petition within the one-year
18 limitation period in 28 U.S.C. § 2244(d)(1).

19  Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled
20 or subject to delayed accrual, begins running after "the date on which the judgment became final by the
21 conclusion of direct review or the expiration of the time for seeking such direct review." In the present
22 case, the limitation period therefore began running after the thirty-day period expired for filing a direct
23 appeal, *i.e.,* after January 10, 2005.

24  Absent tolling or delayed accrual, the limitation period therefore would expire one year later
25 on January 10, 2006.

26  However, under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during
27 the pendency of a properly filed application for state post-conviction relief or for other state collateral
28 review. Petitioner filed a timely state post-conviction petition on or about October 18, 2005, after 279

days in the federal limitation period had elapsed. Statutory tolling under § 2244(d)(2) continued through the August 4, 2006, issuance of the remittitur in No. 46863, which concluded the first state post-conviction proceedings.

Thus, absent tolling or delayed accrual, the federal limitation period expired after the passage of 86 days, on Monday, October 30, 2006.

The federal petition was not mailed for filing until March 13, 2013, over six years after the federal limitation period had expired, absent other tolling or delayed accrual. The federal petition therefore is untimely on its face.[2]

In the show-cause response, petitioner maintains that a motion to modify sentence is not subject to a limitation period, referring to Nevada state law authorities reflecting that such a motion in the state courts may be filed at any time. Nevada state law authorities concerning a motion to modify sentence filed in state court have no bearing on the limitation period applicable to a federal petition for a writ of habeas corpus. A federal habeas petition is not a state court motion to modify sentence, and such a petition is subject to a one-year limitation period, which expired here years before petitioner filed the petition in this action.

Petitioner further urges that the limitation period provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) may not be applied retroactively. AEDPA is not being applied retroactively in this case. The Act became effective on April 24, 1996. *See, e.g., Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005). The Act was in effect more than eight years before petitioner was convicted on December 9, 2004.

---

[2]The 2010 state post-conviction proceedings have no material impact on the limitation analysis because: (a) the second state petition was filed years after the federal limitation period already had expired, absent other tolling or delayed accrual; and (b) an untimely state petition in any event does not statutorily toll the federal limitation period under § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

The 2012-13 proceedings on the state court motion to modify sentence similarly have no material impact on the limitation analysis because the motion also was filed years after the federal limitation period already had expired, absent other tolling or delayed accrual. Petitioner presents no apposite factual or legal argument that would provide a basis for tolling or delayed accrual of the federal limitation period for the extensive otherwise untolled period prior to the March 26, 2012, filing of the motion.

The Court discusses the argument that petitioner does raise regarding a motion to modify sentence in the text, *infra*.

1    Petitioner presents no other factual or legal argument establishing a basis for either tolling or delayed accrual or otherwise providing a basis for overcoming the untimeliness of the petition on its face. He accordingly has failed to demonstrate in response to the show-cause order that the petition should not be dismissed with prejudice as time-barred.

**IT THEREFORE IS ORDERED** that the Clerk of Court shall file the petition and that the petition shall be **DISMISSED** with prejudice as time-barred.

**IT FURTHER IS ORDERED** that a certificate of appealability is **DENIED**, as jurists of reason would not find the district court's dismissal of the petition as time-barred, following issuance of a show-cause order and consideration of petitioner's response thereto, to be debatable or wrong. The federal petition was filed over six years after the federal limitation period had expired, absent other tolling or delayed accrual. Petitioner's arguments that a motion to modify sentence is not subject to the federal limitation period and that the 1996 statutory enactment in AEDPA cannot be "retroactively" applied to his 2004 state conviction are frivolous.

**IT FURTHER IS ORDERED** that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court shall provide respondents with notice of the action taken herein by effecting informal electronic service of the order and judgment upon Catherine Cortez Masto as per the Clerk's current practice, together with regenerating notices of electronic filing to her office of the prior filings herein. **No response is required from respondents, other than to respond to any orders of a reviewing court.**

The Clerk of Court shall enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action with prejudice.

Dated: May 12, 2014.

_____
JENNIFER A. DORSEY
United States District Judge